IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMELEON CHAIRS, LLC, | |
| Plaintiff, | 8:24-cv-03331-PX |
| v. | |
| BETHEL EVENTS STYLING AND RENTALS LLC, *et al.* | |
| Defendants. | |

**MEMORANDUM ORDER**

Pending in this design, patent, and trademark infringement case is Plaintiff Chameleon Chairs, LLC ("Chameleon")'s Motion for Default Judgment against Bethel Events Styling and Rentals, LLC ("Bethel"), Dalissa Sanchez Events, LLC ("Dalissa"), uparentals, Limited Liability Company ("UPA"), and The Grand Golden Tulip, LLC ("GG Tulip"). ECF No. 57. For the following reasons, the motion is granted, and the Court awards monetary damages and injunctive relief as more fully set forth below.

**I.   Standard of Review**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). While the Fourth Circuit maintains a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate where a party is unresponsive. *See S.E.C. v.*

*Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations, other than those pertaining to damages. *Lawbaugh*, 359 F. Supp. 2d at 422 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). To determine whether the allegations are well-pleaded, the Court applies the standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Id*. at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.") (citation omitted).

If the complaint establishes liability, the Court next turns to damages. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The Court may either conduct an evidentiary hearing or accept affidavits and other documentary evidence into the record to determine what damages, if any, are warranted. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

With this standard in mind, the Court turns first to liability.

**II.    Liability**

Chameleon designs, manufactures, and sells special event chairs that are protected by common law and registered trademarks as well as domestic design and utility patents as identified in this Order. One such protected chair is the Fanfare™ Trade Dress. ECF No. 1 ¶ 15. The

2

Fanfare™ has acquired distinctiveness to the relevant consuming public because of Chameleon's substantially exclusive and continuous use of that design throughout the United States for more than a decade, the extensive amount of Fanfare™ chair advertising, the popularity of the chair among event rental companies throughout the United States, the size of sales and license revenue generated exclusively from the Fanfare™ chair, the number of licensees of the Fanfare™ chair, and the intentional copying of the Fanfare™ chair by unlicensed and unauthorized event companies using or purchasing chairs intended to confuse consumers and pass off the unauthorized companies' chairs as the Chameleon Fanfare™ chair. ECF No. 1 ¶ 20. Chameleon also owns U.S. Design Patent No. D696037S, issued on December 24, 2013, which claims and protects an ornamental design that is substantially like the design of Fanfare™ chair that Chameleon makes and sells (the "'037 Patent"). *See* ECF No. 1-1.

Another model chair that Chameleon provides and licenses to its customers throughout the United States is the La Corde™. ECF No. 1 ¶ 22. Chameleon owns U.S. Design Patent No. D650607S associated with this chair (the "607 Patent"). *See* ECF N. 1-2. The La Corde™ Trade Dress has acquired distinctiveness to the relevant consuming public because of Chameleon's substantially exclusive and continuous use throughout the United States for more than a decade, the extent of Chameleon's advertising for the La Corde™ chair, the popularity of the chair among event rental companies, the size of sales and license revenue from the La Corde™ chair, the volume of licensees of the La Corde™ chair, and the intentional copying of the La Corde™ chair. ECF No. 1 at ¶¶ 20-26.

Defendants Bethel, Dalissa, GG Tulip and UPA are event planning and rental businesses that have infringed on Chameleon's protected designs. Bethel has offered for rent "Nadine Gold" chairs during the period protected by Chameleon's marks and Patents. ECF No. 1 at ¶ 28-31. The

backs of the Nadine Gold chairs are nearly identical to the Fanfare™ chair such that consumers are likely to be mistaken or confused into believing that Chameleon had produced, licensed, or sold the counterfeit chairs. *Id.* ¶ 32. Bethel also offered for rent the La Corde™ chairs and even named them the "Chameleon chairs." *Id.* ¶ 37. For neither of the protected chair designs did Bethel obtained any license, right, or entitlement to offer for rent the infringing chairs. *Id.* ¶¶ 38–42. Chameleon has previously informed Bethel in writing of its infringement and to cease the same, yet Bethel continues to offer the infringing chairs for rent. *Id.*

Dalissa offers for rent gold and silver "Opulence" chairs that are near identical imitations of the design protected by the '037 Patent and the Fanfare™ Trade Dress. ECF No. 1 ¶¶ 45–46. Dalissa did not obtain the chairs from Chameleon, nor did it receive any right, title, or license to have the same or substantially similar design. *Id.* ¶ 48. Chameleon also sent Dalissa a cease and desist letter as of August 2023, but Dalissa continues to use the offending chairs. *Id.* ¶ 49.

Last, GG Tulip and UPA also offer for rent chairs protected by the '037 Patent. ECF No. 1 ¶¶ 52-60. The offending chairs are substantially similar such that consumers are likely to confuse them with those protected by Chameleon. *Id.* ¶¶ 53, 61. Neither company obtained the chairs from Chameleon, nor did they receive any right, title, or license to have the same or substantially similar design. Chameleon sent both companies cease and desist letters in July 2023. *Id.* ¶¶ 56, 65. Yet both companies continue to offer for rent the infringing chairs.

Based on this, Chameleon filed suit against all Defendants for design patent infringement of the '037 Patent pursuant to 35 U.S.C. § 289 (Count I); against Bethel for design patent infringement of the '607 Patent (Count II); against all Defendants for Trademark Infringement of the Fanfare™ Trade Dress, in violation of 15 U.S.C. § 1125(a) (Count III); against Bethel for Trademark Infringement of the La Corde™ Trade Dress, in violation of 15 U.S.C. § 1125(a)

(Count IV); and against Bethel for Trademark Infringement in violation of 15 U.S.C. §1114 (Count V). Each Defendant was timely and properly served, and yet despite ample notice, none have defended against this case. ECF Nos. 12–14, 16. Accordingly, on January 10, 2025, the Clerk entered default pursuant to Rule 55(a) and this motion followed. ECF Nos. 28–32.

First, as to the design patent claims (Counts I-II), a design patent may be obtained for any "new, original and ornamental design." *180s, Inc. v. Gordini U.S.A., Inc.*, 699 F. Supp. 2d 714, 727 (D. Md. 2010) (citation omitted); *see also* 35 U.S.C. § 171. The patent holder demonstrates infringement if "an ordinary observer, familiar with prior art designs, giving the degree of attention normally given by a purchaser, would be deceived into believing" that the product is the same as the protected design. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, Civ. No. MJG-06-2662, 2011 WL 4596043, at *18 (D. Md. Sep. 30, 2011) (citing *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010)). Minor differences in design will not defeat the claim so long as the evidence shows that an "ordinary observer would purchase one product taking it to be another." *Victor Stanley*, Civ. No. MJG-06-2662, 2011 WL 4596043 at *18 (citation omitted). Based on the review of ample photographic evidence included within the Complaint, Chameleon easily passes this test. Thus, default judgment is entered as to the design patent infringement counts pursuant to 35 U.S.C. § 289.

As to the trade dress and trademark infringement counts, the Lanham Act prohibits using "in commerce any word, term, name, symbol, or device . . . or false designation of origin" that "is likely to cause confusion or cause mistake." 15 U.S.C. § 1125(a)(1)(A). Trade dress is the distinctiveness of a product's design "which serves to identify the product with its manufacturer or source." *Garnier-Thiebault, Inc. v. Castello 1935, Inc.*, Civ. No. SDT-17-3632, 2019 WL 6696694, at *9 (D. Md. Dec. 6, 2019) (quoting *Traffix Devices, Inc. v. Marketing Displays, Inc.*,

5

532 U.S. 23, 28 (2001)).  Trade dress "consists of [a] total image and overall appearance, including … size, shape, color or color combination, texture, graphics, or even particular sales techniques." *Ashley Furn. Indus. v. San Giacomo, N.A.*, 187 F.3d 363, 368 (4th Cir. 1999) (citation and internal quotation marks omitted).  A plaintiff proves such infringement where (1) "its trade dress is primarily nonfunctional; (2) the alleged infringement creates a likelihood of confusion; and (3) the trade dress either (a) is inherently distinctive, or (b) has acquired a secondary meaning." *Id*. (citation omitted).  Again, taking the robustly pleaded allegations as true, in combination with the photographic evidence included within it, judgment is satisfied as to these Counts (Counts III-V).

### III. Damages

Chameleon seeks injunctive relief, lost royalties, treble damages, pre- and post-judgment interest, and attorney fees.  The Court considers each below.

Turning first to the requested injunctive relief, the Patent Act permits "injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.  The Court must consider (1) whether Chameleon "suffered an irreparable injury;" (2) whether other "remedies available at law, such as monetary damages, are inadequate to compensate for the injury;" (3) the balance of hardships; and (4) whether the injunction serves the public interest.  *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006).  Similarly, the Lanham Act vests the Court with discretion to enjoin future infringement "upon such terms as the court may deem reasonable."  15 U.S.C. § 1116(a).  The Lanham Act also permits the Court to direct Defendants to file with the Court and serve on the plaintiff a written report under oath "setting forth in detail the manner and form in which the defendant has complied with the injunction."  *Id*.

Because the evidence clearly demonstrates widespread patent and trade dress violations,

Chameleon has suffered irreparable injury to its brand. Second, Defendants have willfully absented themselves from this litigation. Thus, nothing suggests that absent injunctive relief, Defendants will cease their infringement. As a result, money damages cannot fully ascertain the damage to the Chameleon patents and marks. As to the balance of hardships, no evidence suggests that the limited collection of infringing chairs, while important to Chameleon, will visit unwarranted hardship on Defendants. Finally, the public interest is served by enjoining such transparent infringement on protected designs. Accordingly, the requested injunctive relief is warranted.

Next, as to reasonable royalties, because Defendants have absented themselves from litigation, actual damages are hard to ascertain. ECF No. 59-1 at 22–23, 28–29. Chameleon instead seeks the lost reasonable royalties it would have obtained and has supplied sufficient evidence to support the same. ECF No. 58-1 (under seal). The Court thus awards reasonable royalties as to the identified amounts below.

Further, Chameleon recognizes that it is not entitled to separate royalty payments under each statute (which would result in double recovery), but does ask that the Court impose treble damages under the Lanham Act. Section 1117(a) of the Lanham Act provides that "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a). As guidance, the Fourth Circuit has identified six non-exclusive factors for a court to consider when assessing whether to enhanced damages: (1) whether the defendant had the intent to confuse or deceive; (2) whether sales were diverted; (3) the adequacy of other remedies; (4) any unreasonable delay by the plaintiff in asserting his rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it is a case of "palming off." *Synergistic Int'l, LLC v.*

*Korman*, 470 F.3d 162, 174–75 (4th Cir. 2006) (citation omitted). "Palming off" involves infringement of the mark to sell products by misrepresenting to the consumer that defendant's products were really those of the plaintiff. *Id*. at 176.

Because Defendants have absented themselves from litigation, they have handicapped Chameleon's ability to ascertain the full extent of damage, such as lost profits, and so, the inadequacy of provable damages cuts in favor of an enhanced award.  Additionally, Chameleon notified Defendants of their continued infringement over a year before Chameleon filed suit, yet Defendants persisted in offering the offending chairs for rent.  Indeed, Defendants Bethel and UPA even named the offending chairs "the Chameleon chair."  ECF No. 1 ¶¶ 37, 65.  Further, although Defendants' refusal to participate in litigation supports using lost royalties as a fair and reasonable approximation, they are by no means a substitute for lost profit.  Awarding of enhanced damages also makes the intentional misuse "less profitable" and addresses for at least two of the Defendants the intentional misuse of Chameleon's own brand name.  From this, the Court concludes that treble damages are warranted.

Chameleon also seeks pre- and post-judgment interest and attorneys' fees under the Patent and Lanham Acts.  ECF No. ECF No. 59-1 at 24.  Pre-judgment interest is unavailable under the Lanham Act for violations of § 1117(a) absent exceptional circumstances.  See *Georgia-Pacific Consumer Prods., LP v. von Drehle Corp.*, 781 F.3d 719, 722 (4th Cir. 2015) (construing the absence of specific prejudgment interest as part of articulated damages as unavailable under § 1117(a)).  Besides simply asking for such interest, Chameleon has made no effort to explain why the award is appropriate.  Thus, the Court will not impose prejudgment interest.  But it will award post-judgment interest pursuant to 28 U.S.C. § 1961.

Nor are attorneys' fees available unless exceptional circumstances are shown.  Exceptional

circumstances for Lanham Act violations arise when "in light of the totality of the circumstances . . . there is an unusual discrepancy in the merits of the positions taken by the parties . . . based on the non-prevailing party's position as either frivolous or objectively unreasonable, . . . the non-prevailing party has litigated the case in an unreasonable manner, . . . or there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence." *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp*, 781 F.3d 710 (4th Cir. 2015), *as amended* (Apr. 15, 2015) (internal citations and quotation marks omitted).  Similarly, attorneys' fees for patent violations are reserved for "exceptional cases," 8 U.S.C. § 285, or a case that "stands out from the others with respect to the substantive strength of the case," or "the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 553-54 (2014).  The movant must establish an exceptional case by a preponderance of the evidence. *Id.* at 557–558.  As with pre-judgment interest, Chameleon advances no argument as to why this case is "exceptional" or meriting attorneys' fees. *Cf. NextHome, Inc. v. Jenkins*, Civ No. CCB-20-1210, 2022 WL 4558138 at *2–3 (D. Md. Sept. 29, 2022) (awarding attorneys' fees only after substantial showing of exceptional circumstances).  Without that analysis, this Court declines to award such fees at this time.

IV.   **Conclusion**

Based on the foregoing, it is this 26th day of February, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

Plaintiff Chameleon Chairs, LLC's Motion for Default Judgment (ECF No. 57) is **GRANTED**; and it is further **ORDERED** that Judgment shall be entered in favor of Plaintiff Chameleon Chairs, LLC, on all Counts of its Complaint as to the remaining Defendants (ECF No. 1) as follows:

1. Count I, Design Patent Infringement pursuant to 35 U.S.C. § 289 (infringement of Plaintiff's U.S. Design Patent No. D696037S): judgment is entered against Defendants Bethel Events Styling and Rentals, LLC, Dalissa Sanchez Events, LLC, The Grand Golden Tulip LLC, and uparentals Limited Liability Company;

2. Count II, Design Patent Infringement pursuant to 35 U.S.C. § 289 (infringement of Plaintiff's U.S. Design Patent No. D650607S): judgment is entered against Defendant Bethel Events Styling and Rentals, LLC;

3. Count III, Trade Dress Infringement pursuant to 15 U.S.C. § 1125(a) of Chameleon's Fanfare™ Trade Dress: judgment is entered against Defendants Bethel Events Styling and Rentals, LLC, Dalissa Sanchez Events, LLC, The Grand Golden Tulip LLC, and uparentals Limited Liability Company;

4. Count IV, Trade Dress Infringement pursuant to 15 U.S.C. § 1125(a): judgment is entered against Defendant Bethel Events Styling and Rentals, LLC; and

5. Count V, Trademark Infringement pursuant to 15 U.S.C. § 1114: judgment is entered against Defendant Bethel Events Styling and Rentals, LLC.

**IT IS FURTHER ORDERED THAT**:

Defendants Bethel Events Styling and Rentals, LLC, Dalissa Sanchez Events, LLC, The Grand Golden Tulip, LLC, and uparentals Limited Liability Company, and each of their officers, members, managers, agents, employees, representatives, successors, assigns, and attorneys, and all persons acting for, with, by, through, under, or in active concert with them are each **ENJOINED** from:

1. Infringing upon Chameleon Chairs, LLC's U.S. Design Patent No. D696037S;
2. Directly or indirectly manufacturing, purchasing, importing, exporting, advertising,

      promoting, offering to sell or lease, selling, distributing, transferring, concealing or otherwise using any products infringing upon Plaintiff's Design Patent No. D696037S;

3. Using any trademark, trade dress, or trade name that falsely represents, or is likely to confuse, mislead, or deceive purchasers or members of the public to believe that any product purchased or leased from Defendants originates from Plaintiff or that the sale or lease of said product by Defendants has been approved by Plaintiff; and

4. Effectuating assignments or transfers, forming new entities, or associations, or utilizing any device for the purpose of circumventing or otherwise avoiding the terms of this Order or aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's U.S. Design Patent No. D696037S.

**IT IS FURTHER ORDERED THAT:**

Defendant Bethel Events Styling and Rentals, LLC, its officers, members, managers, agents, representatives, employees, attorneys, successors, and assigns, and all persons acting for, with, by, through, under, or in active concert with them is **ENJOINED** from:

1. Infringing upon Plaintiff's U.S. Design Patent No. D650607S;

2. Directly or indirectly manufacturing, purchasing, importing, exporting, advertising, promoting, offering to sell or lease, selling, distributing, transferring, concealing or otherwise using any products infringing upon Plaintiff's Design Patent No. D650607S;

3. Using any trademark, trade dress, or trade name that falsely represents, or is likely to confuse, mislead, or deceive purchasers or members of the public to believe that any product purchased or leased from Bethel Events Styling and Rentals Limited Liability Company originates from Plaintiff or that the sale or lease of said product by Bethel Events Styling and Rentals, LLC has been approved by Plaintiff; and

4. Effectuating assignments or transfers, forming new entities, or associations, or utilizing any device for the purpose of circumventing or otherwise avoiding the terms of this Order or aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's U.S. Design Patent No. D650607S.

**IT IS FURTHER ORDERED THAT:**

1. All Defendants **SHALL** destroy, within thirty (30) days of the date of this Order, all the infringing chairs, as well as all advertising material, both paper and electronic (including on the internet or social media) that references the infringing chairs; and

2. All Defendants **SHALL**, within fourteen (14) days of said destruction, provide Plaintiff with a certificate of destruction that includes the date of destruction, location where the chairs were destroyed, and the number of chairs destroyed.

**IT IS FURTHER ORDERED THAT:**

Pursuant to 15 U.S.C. § 1117(a), Plaintiff is **AWARDED** the following total reasonable royalties against each Defendant for trade dress infringement and treble damages combined:

1. $40,590 against Bethel Events Styling and Rentals, LLC for infringement of the Fanfare™ Trade Dress ($13,530 as reasonable royalty);

2. $40,590 against Bethel Events Styling and Rentals, LLC for infringement of the La Corde™ Trade Dress ($13,530 as reasonable royalty);

3. $33,090 against Dalissa Sanchez Events, LLC for infringement of the Fanfare™ Trade Dress ($11,030 as reasonable royalty);

4. $40,590 against The Grand Golden Tulip, LLC infringement of the Fanfare™ Trade Dress ($13,530 as reasonable royalty);

5. $40,590 against uparentals Limited Liability Company infringement of the Fanfare™

      Trade Dress ($13,530 as reasonable royalty).

6. Post-judgment interest shall be awarded pursuant to 28 U.S.C. § 1961;

The Clerk is directed to TRANSMIT this Order to the parties and CLOSE this case.


Date:  2/26/2026                                                   /s/
                                                                          PAULA XINIS
                                                                          United States District Judge